FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 1 2 2002

[signature]
CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

    No. CIV-01-1434 JP/RLP
    CR-00-1368 JP

MARIO ALBERTO GOMEZ-MONTES,

    Defendant-Movant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #17) filed December 20, 2001. Rule 4(b) Governing Section 2255 Proceedings. Defendant waived his right to indictment by grand jury and pled guilty to an information charging violations of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). He now contends that because the indictment against him was defective his sentence violates the Supreme Court's pronouncement in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Defendant's *Apprendi* claim does not survive scrutiny.[1] He was charged, convicted, and sentenced under 18 U.S.C. § 1326(a)(1) and § 1326(b)(2), which prohibit reentry by a deported alien. The terms of § 1326(b)(2) provide an increased sentence for a defendant with a prior felony conviction. Defendant argues the information was constitutionally defective by failing to identify the prior felony for which his sentence was increased. The Court of Appeals for the Tenth Circuit has rejected this argument, ruling that an indictment under § 1326(a)(1) is not defective for failure

---

[1] Although this claim is procedurally barred because it was not raised on appeal, *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996), the substance of the claim will be examined, *United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994).



to separately charge a prior felony. *United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998)). Because the information against Defendant was not defective, his claim under *Apprendi* must be denied.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #17) filed December 20, 2001, is DISMISSED, and this civil proceeding is DISMISSED.

UNITED STATES DISTRICT JUDGE